UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAFEAIR, INC., a Washington corporation

    Plaintiff,

v.

AIRTRAN AIRWAYS, INC., a Florida corporation,

    Defendant.

Case No. 09-5053RJB

ORDER GRANTING IN PART DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on defendant's Motion to Dismiss (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2009, plaintiff Safeair, Inc., filed a civil case alleging infringement of Safeair's copyright by AirTran. Dkt. 1. The plaintiff's Complaint was amended on February 23, 2009. Dkt. 12  Defendant now moves to dismiss plaintiff's Complaint. Dkt. 13.

Safeair is a Washington state corporation with its principal place of business in Olympia, Washington. Dkt 12 ¶ 1.1. Safeair develops, authors, and markets safety cards illustrating proper safety procedures for various aircrafts. Dkt. 12 ¶ 3.1. AirTran Airways ("AirTran") is a Florida corporation with its principal place of business in Orlando, Florida. Dkt. 12 ¶ 1.2.

Between 1996 and 2008, Safeair created two passenger safety cards for use on AirTran's

ORDER - 1

Boeing 717-200 and Boeing 737-700/800 aircraft (hereafter "AirTran Safety Cards"). Dkt. 12 ¶ 3.8. In February 2008, AirTran terminated its business relationship with Safeair. Dkt. 12 ¶¶ 3.8, 3.9. Shortly thereafter, Safeair alleges that AirTran began using safety cards that contained Safeair's protected artwork. Dkt 12. ¶¶ 3.8, 3.9. On October 30, 2008, counsel for Safeair informed AirTran that their safety information cards infringed on Safeair's copyrights. Dkt. 12 ¶ 3.5.

The defendant now moves to dismiss the plaintiff's claims because the plaintiff lacks subject matter jurisdiction and that Plaintiff fails to state a claim upon which relief can be granted. Dkt. 13 at 1.

## II. DISCUSSION

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Gaurdian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 f.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

ORDER - 2

legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**A. Subject Matter Jurisdiction**

The defendant asserts that the plaintiff's claim for copyright infringement, at least to the extent the suit is regarding infringement of the AirTran Safety Cards, should be dismissed for lack of subject matter jurisdiction. The defendant argues the jurisdictional prerequisite to bring a suit for copyright infringement is registration of the copyright claim. Defendant states that Safeair does not own a registered copyright pertaining to the AirTran Safety Cards, and therefore, cannot bring a suit regarding that material. Moreover, the defendant argues that even if the original work was registered, the derivative work, the AirTran Safety Cards, must also be registered to create jurisdiction. The plaintiff responds that their copyright claims arise from the copyrighted works.

The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "A district court does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration." *Corbis Corp., v. Amazon.com, Inc.*, 351 F.Supp.2d 1090, 1112, 77 U.S.P.Q.2d 1182 (W.D. Wash. 2004). "Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a

ORDER - 3

copyright." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998).

The plaintiff has admitted in their response that they are not claiming that the defendant is infringing on the unregistered derivative works, the AirTran Safety Cards. Rather, the plaintiff asserts that the claim is regarding the registered copyrighted works owned by the plaintiff. Since the plaintiff has a valid registered copyright, this court has subject matter jurisdiction over the matter. To the extent the plaintiff's claim is for the copyright infringement of unregistered derivative works, the defendant's motion to dismiss should be granted. Otherwise, this court has subject matter jurisdiction over the plaintiff's claim for copyright infringement of registered works.

**B. Failure to Adequately Plead**

The defendant asserts that the plaintiff's claim for copyright infringement should be dismissed because the plaintiff's claim is not supported by factual allegations. Defendant argues that there is a heightened pleading requirement regarding copyright claims and the plaintiff has not met that pleading requirement. Plaintiff responds that they have adequately alleged facts to support their claim of copyright infringement.

To prove copyright infringement, the plaintiff must demonstrate that (1) it owns a valid copyright, and (2) the defendant violated one or more of the plaintiff's exclusive rights under the Copyright Act. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991), *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072 (9th Cir. 2006), *Lucky Break Wishbone Corp. v. Sears, Roebuck and Co.*, 528 F.Supp.2d 1106 (W.D. Wash. 2007).

The plaintiff has alleged that they own a copyright to the relevant material and the copyright is valid. To support this allegation, the plaintiff has attached copies of the certificates of registration regarding the protected material. The plaintiff has also alleged that the defendant has violated one or more of the plaintiff's exclusive rights by copying protected material. This allegation is supported by copies of the relevant copyrighted material and the defendant's material, the AirTran safety cards. The plaintiff has sufficiently plead a cause of action in this

case.

For the foregoing reasons, the defendant's motion to dismiss should be denied.

### III.  ORDER

Therefore, it is hereby ORDERED that the defendant's motion to dismiss (Dkt. 13) is GRANTED IN PART and DENIED IN PART as follows**:**

(1) the defendant's motion to dismiss the plaintiff's claim regarding unregistered derivative works is **GRANTED**;

(2) the defendant's motion to dismiss is otherwise **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of March, 2009.

*[signature: Robert J. Bryan]*
ROBERT J. BRYAN
United States District Judge