UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAFEAIR, INC., a Washington corporation,

Plaintiff,

v.

AIRTRAN AIRWAYS, INC., a Florida corporation,

Defendant.

Case No. 09-5053RJB

ORDER GRANTING MOTION FOR LEAVE TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES

This matter comes before the Court on the Defendant's Motion to Serve More than Twenty-Five Interrogatories (Dkt. 24). The Court has considered the relevant documents and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2009, Plaintiff, Safeair, Inc. ("Safeair"), filed a complaint against Defendant, AirTran Airways, Inc. ("AirTran"), asserting infringement of copyright (Dkt. 1). As part of AirTran's discovery request, they requested that Safeair identify the protectable elements of their copyright and to show the requisite similarity with AirTran's cards or "Accused Cards" (Dkt. 24 at 2). AirTran alleges that Safeair has declined to respond to their request. *Id*. AirTran states that the critical element in determining infringement of copyright in this case is what elements of Safeair's cards are protected by copyright (Dkt. 24 at 2). The Defendant now moves for leave to serve one-hundred (100) interrogatories (Dkt. 24) in order to determine which elements of Safeair's cards are alleged to be protected by copyright and any violation thereof.

ORDER - 1

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Pursuant to Fed.R.Civ.P. Rule 33, unless otherwise stipulated or ordered by the court, a party may serve on any other party no more that 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2). Fed.R.Civ.P. 33(a)(1). "The court may alter the limits in these rules on the number of depositions and interrogatories." Fed.R.Civ.P. 26(b)(2)(A).

"The purpose of [the revisions to Fed.R.Civ.P. 33] is to reduce the frequency and increase the efficiency of interrogatory practice." Advisory Committee Notes to the 1993 Amendments of Fed.R.Civ.P. 33. "The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of [interrogatories]." Advisory Committee Notes to the 1993 Amendments of Fed.R.Civ.P. 33(a).

The court is restricted in its ability to alter the limits on interrogatories by Fed.R.Civ.P. 26(b)(2)(C). The court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

In this case, AirTran asserts that the potential benefit of the additional interrogatories outweighs any potential burden placed on Safeair to respond, and that the information they seek cannot be more easily obtained through other discovery mechanisms. AirTran argues that the benefits are high because the interrogatories are designed to pin down Safeair's infringement contentions, and that not until Safeair identifies exactly what it claims is protected can AirTran

analyze whether the material is in fact protected or whether they are sufficiently similar to the AirTran cards or "Accused Cards." AirTran also argues that the burden is minimal because the Safeair is required to have a basis for the allegations in their complaint under Fed.R.Civ.P. 11. AirTran contends it is presumed that Safeair has already done what AirTran is asking it to in the proposed interrogatories, which is to identify the copyright protected elements of the registered material, and identify how the "Accused Cards" are sufficiently similar to the those protectable elements. Finally, the AirTran asserts that the information cannot be obtained in any other discovery mechanism. AirTran argues that interrogatories are superior to depositions because they are more productive, cost-effective, and they minimize delay.

Safeair responds that AirTran is attempting to delay the action and oppress the Plaintiff. Safeair states that they have already provided a copy of the material requested and that it is burdensome to respond to what Safeair characterizes as 238 interrogatories. AirTran notes in their reply that the material provided by Safeair are not the registered works, but the derivative works of the registered material. Finally, the Safeair argues that the same information could be had through deposition and that "AirTran is not entitled to have Safeair provide it with legal conclusions about the protectability of the images."

The issue appears to be the identification of copyright protected elements of the registered material, not the derivative works. As this Court has stated in a prior order (Dkt. 17) the derivative works of the registered material are not at issue. From the items that have been submitted in this motion, it appears that the Plaintiff has not identified the protected elements of the registered material as the Defendant requests.

The identification of the disputed elements of a registered work in a copyright claim is relevant to the defense against copyright infringement. A violation of copyright is anyone who violates any of the exclusive rights of the copyright owner. 17 U.S.C. §501. A plaintiff must show that the material is copyrighted and that the other party violated the rights of the copyright holder. While numerous, the interrogatories merely ask to identify what element of an illustration is copyrighted and how AirTran's cards or "Accused Cards" violate the protected

element. Thus, the Defendant's interrogatories are relevant to the defense against copyright infringement.

The Court will next address whether the interrogatories should be limited under Fed.R.Civ.P. 26(b)(2)(C): Fed.R.Civ.P. 26(b)(2)(C)(i) states that the court must limit discovery if the information can be obtained form some other source that is more convenient, less burdensome, or less expensive. Here, the Plaintiff argues that the information may be had through depositions. The Defendant disagrees and argues that interrogatories are the best format for identifying the information requested. While the information may be obtained via deposition, it has not been shown that depositions are more convenient, less burdensome, or less expensive than interrogatories. Therefore, the proposed interrogatories are appropriate in this case.

Fed.R.Civ.P 26(b)(2)(C)(iii) states that the court must limit discovery if the burden or expense of proposed discovery outweighs its likely benefit. In this case, the Plaintiff argues that 238 interrogatories are burdensome. Defendant, however, argues that the work of identifying the copyrighted elements and finding substantial similarities with AirTran's cards or "Accused Cards" has already been done as part of supporting the allegations in the Plaintiff's Complaint. The interrogatories are numerous, but they do not place a substantial burden on the Plaintiff. In a copyright action, the Plaintiff must show that they hold a copyright in the relevant material and that the Defendant's material violates the copyright holder's exclusive rights. It is not a burden to specifically state and provide to the Defendant identification of the copyrighted material and how the Defendant's material offends the copyrighted material when what is requested is part of the Plaintiff's allegations in the Complaint. Additionally, the benefits are large to the Defendant. The Defendant must be given opportunity to create a defense. The interrogatories, as stated above, are relevant to the defense of the Defendant and, therefore, would greatly benefit the Defendant. For the foregoing reasons, the burden does not outweigh the benefits of the proposed discovery.

The interrogatories are relevant to the Defendant's defense in this case and should not be limited under Fed.R.Civ.P. 26(b)(2)(C). Therefore, the Defendant's Motion should be granted.

# III. ORDER

For the foregoing reasons, it is hereby ORDERED that:

The Defendant's Motion for Leave to Serve More than Twenty-Five Interrogatories (Dkt. 24) is **GRANTED**.

DATED this 26th day of June, 2009.

ROBERT J. BRYAN
United States District Judge