UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAFEAIR, INC., a Washington corporation,

        Plaintiff,

    v.

AIRTRAN AIRWAYS, INC., a Florida corporation,

        Defendant.

Case No. 09-5053 RJB

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Motion to Compel (Dkt. 35). The Court has considered the relevant documents and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 30, 2009, Plaintiff Safeair, Inc. ("Safeair") filed a complaint against Defendant AirTran Airways, Inc. ("AirTran") alleging copyright infringement. Dkt. 1. On April 20, 2009, Safeair propounded its first set of interrogatories and requests for production. Dkt. 35, p.2. AirTran produced several documents in response to Safeair's first discovery requests. Dkt. 35, 38. On August 21, 2009, Safeair served its Second Request for Production ("RFP") on AirTran. Dkt. 35, p. 1, 3.

On September 21, 2009, AirTran responded to Safeair's second RFP and stated that any documents responsive to the request that were in AirTran's possession, custody, or control had already been produced. Dkt. 38, p. 4. Safeair asserted that AirTran interposed numerous

ORDER - 1

objections to its second RFP and simply referred Safeair to over 96,000 pages of documents previously produced by AirTran. Dkt. 35, p. 1, 4. On October 15, 2009, Safeair wrote AirTran to request that AirTran identify by Bates number which of the already produced documents were responsive to Safeair's second RFP. Dkt. 38, p.4, Dkt. 35, p. 4. On October 22, 2009, AirTran states that it responded to Safeair's second RFP. Dkt. 38, p. 4. AirTran states that it identified the Bates numbers of documents responsive to RFP 5 and portions of 7-9; that it had previously produced responsive documents to RFP 1, 2, 6, and portions of 7-9; and that Safeair was equally able to review the previously produced documents. *Id*. AirTran also did not identify the Bates numbers of documents responsive to RFP 1, 2, 6, and portions of 7-9. *Id*. Finally, AirTran asserted that it had no documents in its possession, custody, or control responsive to the RFP 3 and 4. *Id*. Safeair contends that AirTran sent a letter indicating that it would not identify responsive documents to RFPs 1, 2, and 6-9; that there were no documents for RFP 3; that AirTran claimed that Corporate Express possessed documents responsive to RFP 4 and were not in AirTran's control; and that AirTran only produced two documents responsive to RFP 5. Dkt. 35, p. 5.

On October 23 and 26, 2009, Safeair and AirTran conferred regarding discovery. Dkt. 38, p. 4. Safeair and AirTran were not able to come an agreement regarding the identification of responsive documents by Bates number or the production of documents not in possession of AirTran. *Id*. Safeair filed this current motion in response to the lack of agreement.

## II. DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. Discovery provisions are to be applied as broadly and liberally as possible. *Hickman v. Taylor*, 329 U.S. 495, 506-507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. *Id*. at 407.

In the parties' pleadings regarding the Plaintiff's Motion to Compel, the issues were

ORDER - 2

distilled into two questions: (1) whether AirTran should identify documents responsive to Safeair's Second Request for Production by Bates number; and (2) whether AirTran had legal control over documents in possession of another entity. The Court will address each in turn.

**A. Identification By Bates Number**

Responses to Requests for Production must be "produce[d]... as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed.R.Civ.P. 34(b)(2)(E)(I). A responding party must produce document either as they are kept in the usual course of business <u>or</u> the responding party must organize and label them to correspond to the categories in the discovery request.

AirTran asserts that a party that has responded to an earlier document production request need not go back and recategorize its documents in response to a subsequent request. Dkt. 38, p. 8. AirTran uses a local district court case, *Tilton v. McGraw-Hill Cos.*, 2007WL81873 (W.D. Wash. Jan. 5, 2007), to support its argument,. AirTran argues that *Tilton* supports the proposition that where parties have already produced responsive documents, they need not have to reproduce them or identify by Bates number in subsequent requests except under certain circumstances. Dkt. 38, p. 8.

The Court disagrees with AirTran's interpretation of *Tilton*. The Court, as in *Tilton*, believes that the requesting party should not be required to guess regarding which previously-produced documents the producing party believes are relevant to the requests. *Tilton*, at *1. AirTran does not contend that the documents it produced are organized as they are kept in the usual course of business, nor does AirTran contend that the documents are organized and labeled to correspond with the categories in the request as is required by Fed.R.Civ.P. 34(b)(2)(E)(I). The responding party must produce documents in one of the two ways. It appears that AirTran has done neither in response to Safeair's second RFP. AirTran should identify previously produced documents by Bates number in response to each and all of Safeair's RFPs in its second discovery request.

**B. Control of Documents**

A party served with a request for production must produce all responsive documents in

ORDER - 3

the party's "possession, custody, or control." Fed.R.Civ.P. 34(a). Control is defined as the legal right to obtain documents upon demand. *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)(*citing Searock v. Stripling*, 736 F.2d 650 (11th Cir. 1984). Proof of theoretical control is insufficient; a showing of actual control is required. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).

AirTran argues that they do not have control of certain documents which are in possession of Corporate Express, a company that AirTran contracted with to design safety cards. Dkt. 38, p. 6-7. Moreover, AirTran states that Safeair has already sent a Rule 45 subpoena to Corporate Express requesting the same documents that it now asks the Court to order AirTran to produce. Dkt. 38, p. 7. Finally, AirTran argues that there is no relationship, either principal-agent or parent-subsidiary, that would establish the requisite legal control over Corporate Express. Dkt. 38, p. 7, n. 5.

Safeair contends that AirTran's argument is at odds with liberal discovery rules. Dkt. 40, p. 4. Additionally, Safeair asserts that AirTran has legal rights to the documents and therefore control over the documents, because Corporate Express' work was paid for by AirTran; AirTran controlled the redesign process and took ultimate control of the product; and AirTran had access and use of its cards at all times. Dkt. 40, p. 4-5. Safeair also notes that Corporate Express interposed two pages of objections in response to Safeair's discovery request and refuses to produce a single page unless Safeair pays a minimum cost of $2,500. Dkt. 40, p. 4, n. 3.

Safeair has not made a sufficient showing to establish the requisite legal control over the requested documents in this situation under Ninth Circuit law. Discovery rules should be liberally construed, but in this case, Safeair's argument is unavailing. The Court understands Safeair's dilemma, but it is not left without recourse if Corporate Express refuses to produce the requested documents. Under Fed.R.Civ.P. 45(c)(2)(B)(I), Safeair may move for an order to compel production from Corporate Express. For the foregoing reasons, Safeair's request for documents not in the possession, custody, or control of AirTran should be denied.

**C. Safeair's Request to Order AirTran to Withdraw Objections**

Safeair's request regarding an order to have AirTran withdraw its objections is without merit. Fed.R.Civ.P. 34(b)(2) explicitly allows for objections in response to requests for production. Further, AirTran's "overly broad" objection is overly broad is also without merit. Safeair's Requests for Production are specific and unambiguous. The requested documents are relevant and appears reasonably calculated to lead to the discovery of admissible evidence. AirTran should produce all documents responsive to Safeair's requests for production, provided, however, that if any documents are in fact privileged, the responses should be accompanied by a privilege log specifically identifying the documents withheld and the basis for the claim of privilege.

### III. FEES.

Both parties having substantially prevailed on the motion to compel, fees should not be awarded to either party.

### IV. ORDER

IT IS SO ORDERED.

DATED this 20th day of November, 2009.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge